## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEAFUEH MONBO, | |
| Plaintiff, | |
| v. | Civil Action No.:  CCB-20-3403 |
| UPPER CHESAPEAKE MED. CNTR, INC.,<br>HARFORD MEM. HOSPITAL, INC.,<br>ESKINDER AFEWORK,<br>DEREK ANDREW McCOY,<br>LAURENCE EDELMAN,<br>NICK LOMIS,<br>ASHLEY KIMBEL,<br>REBECCA N. SMITH,<br>ADAM ROSENBLATT,<br>CHRISTIANA CARE HEALTH SVCS, INC.,<br>UNION HOSP. OF CECIL CO., INC.,<br>BRITTNI D. JONES,<br>TIM CLARKE, | |
| Defendants. | |

### MEMORANDUM

Plaintiff Deafueh Monbo filed the above-entitled action on November 23, 2020, along with a motion seeking recusal of the undersigned judge.  ECF Nos. 1 and 2.  For the reasons stated herein, the court will deny the motion to recuse (ECF 2) and dismiss the complaint (ECF 1) without prejudice for lack of subject matter jurisdiction.

### I.       Motion to Recuse

The basis for plaintiff's motion for recusal is an adverse ruling in a prior bankruptcy appeal (Civil Action CCB-19-3565).  Pursuant to 28 U.S.C. § 144, recusal can be considered whenever a party to any proceeding files a sufficient affidavit stating that the judge before whom a case is assigned has a personal bias or prejudice either against that party or in favor of another party.  A motion for recusal must also be accompanied by a certificate of counsel stating that the motion is

made in good faith.  Another section of the code, 28 U.S.C. § 455, requires a federal judge to recuse herself "in any proceeding in which h[er] impartiality might reasonably be questioned." Any alleged bias "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from h[er] participation in the case." *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).  The motion, which does not cite any extrajudicial source as a basis for recusal, does not present a cognizable basis for recusal and shall be denied.

## II.      Subject Matter Jurisdiction

The complaint concerns plaintiff's claim that she was improperly treated and held against her wishes due to defendants' diagnosis that she is paranoid.  ECF No. 1 at 7–9.  Plaintiff raises claims of medical malpractice, negligence, and intentional infliction of emotional distress and seeks twelve-million dollars in damages.  *Id*. at 1.  She also seeks to raise similar claims on behalf of her sibling.[1]  *Id*. at 9.  Plaintiff admits that she is a resident of Maryland and that all named defendants are also residents of Maryland.  *Id*. at 2–5.  None of the named defendants are State actors and there is no allegation that plaintiff was detained at the direction or behest of a State agency.

Federal courts "may not exercise jurisdiction absent a statutory basis[.]"  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  A federal court may hear "all civil actions arising under the Constitution, laws, or treaties of the United States," commonly known as federal question jurisdiction.  28 U.S.C. § 1331.  For the court to retain federal question jurisdiction, the federal question must be a direct element in the plaintiff's claim and must be

---

[1]      Plaintiff is not an attorney and therefore may not raise a claim on behalf of another person such as her sibling. *See* 28 U.S.C. § 1654; *Myers v. Loudon Cty. Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005).  The claims regarding her sibling must also be dismissed without prejudice.

2

substantial and not plainly frivolous.  *McLucas v. DeChamplain*, 421 U.S. 21, 28 (1975).  Where

no federal question is presented, the court may nonetheless retain diversity jurisdiction pursuant

to 28 U.S.C. § 1332 if the matter in controversy exceeds $75,000 and is between citizens of

different States.

A court retains "an independent obligation to determine whether subject-matter jurisdiction

exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  To

establish jurisdiction, the court looks to those facts affirmatively alleged in the complaint.  *Pinkley,*

*Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors*

*Acceptance Corp.*, 298 U.S. 178 (1936)).  "A court is to presume, therefore, that a case lies outside

its limited jurisdiction unless and until jurisdiction has been shown to be proper."  *United States v.*

*Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S.

375, 377 (1994)).  The party seeking to avail itself of this court's jurisdiction bears the burden of

proof.  *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *see also*

*Hertz*, 559 U.S. at 96.  And "any time" the court determines that it lacks subject matter jurisdiction,

it "must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Here, plaintiff has provided no basis for the court to assume jurisdiction.  Plaintiff is raising

state law claims of medical malpractice and other state law claims and all parties are citizens of

the same state.  Diversity jurisdiction is therefore not supported by the allegations raised.  There

is also no federal claim raised by the allegations in the complaint.  All of the named defendants

are private actors and plaintiff does not plead that any federal statutory or constitutional

infringement occurred as a result of the conduct alleged.  The court therefore must dismiss the

action.  *See* Fed. R. Civ. P. 12(h)(3).

**III.     Conclusion**

For these reasons, the court will the court will deny the motion to recuse (ECF 2) and dismiss the complaint (ECF 1) without prejudice for lack of subject matter jurisdiction.  A separate Order follows.


    12/2/20                                                    /S/
     Date                                              Catherine C. Blake
                                                       United States District Judge